SARAH G. THOMPSON, Appellant, *v.* JOHN M. THOMPSON, Respondent.

Second Department, June 3, 1921.

Husband and wife — divorce — alimony — contempt proceedings to enforce payment — whether disobedience of order was willful and in contempt of court is addressed to discretion of court — whether defendant shall be fined or imprisoned is matter of discretion — motion properly denied where plaintiff had accepted reduced alimony — inability to pay alimony is not defense to contempt proceedings.

In contempt proceedings to enforce the payment of alimony, the question whether the defendant disobeyed the order willfully or intentionally and whether he acted in defiance or contempt of court is largely addressed to

the discretion of the justice presiding, and while he cannot disregard the absolute provisions of the law, still when it comes to the final question whether the party shall be fined or imprisoned, such matter rests in the discretion of the justice.

A justice at Special Term is justified in denying a motion to punish a defendant for contempt for failing to pay alimony in full, where it appears that the plaintiff for several years accepted less than the full monthly payment.

The defendant's inability to pay the alimony fixed by the final judgment, unaccompanied by other excuse, is no defense to an application to enforce the decree by contempt proceedings.

APPEAL by the plaintiff, Sarah G. Thompson, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Suffolk on the 3d day of March, 1921, denying plaintiff's motion to punish the defendant for contempt for failure to pay alimony.

*William P. McCool* [*Raymond B. Stringham* with him on the brief], for the appellant.

*Ralph H. Blum,* for the respondent.

KELLY, J.:

Where application is made to punish a party for contempt of court, and he appears, and by affidavit or otherwise offers an explanation or excuse for his alleged failure to obey the mandate of the court, I take it that it is for the court to determine, *first,* whether he has in fact disobeyed the judgment or order, and, *second,* if disobedience is proved whether it was willful or intentional and whether he acted in defiance or in contempt of the court. In the last particular, the question is largely addressed to the discretion of the justice presiding. While he should not and cannot disregard the absolute provisions of the law because of his merciful or kindly disposition, when it comes to the final question whether the party shall be fined or imprisoned, that rests with the justice at Special Term. (*Matter of Oldmixon,* 116 App. Div. 925.)

The learned justice at Special Term denied the motion in the present case because the plaintiff for several years had accepted alimony at the rate of $50 per month instead of $100 per month as provided in the final decree, and held upon

the facts presented to him that she had waived and relinquished her right to ask that defendant be punished for contempt for failure to pay the sum originally required to be paid. I think the facts so presented justified the order made.

But the defendant is now advised that the plaintiff insists upon payments as directed by the judgment. If he is entitled to any modification of the judgment, as to which no opinion is expressed, he must make application to the court. Upon the facts here presented the defendant's inability to pay the alimony fixed by the final judgment, unaccompanied by other excuse, is no answer to an application to enforce the decree by contempt proceedings. (*Ryer* v. *Ryer,* 33 Hun, 116.) Nor does the denial of the motion affect any other right or remedy of the plaintiff.

The order is affirmed, but without costs.

BLACKMAR, P. J., MILLS, PUTNAM and JAYCOX, JJ., concur.

Order affirmed, without costs.