In the Matter of ERNESTINE WIEDER SINGER, Petitioner, against DAVID EMIL SINGER, Respondent.

Domestic Relations Court of City of New York, Family Court Division, New York County, April 16, 1937.

*Paul Windels, Corporation Counsel [Bernard B. Smith of counsel],* for the petitioner.

*Milton Lowenthal,* for the reespondent.

O'BRIEN, J. The petitioner Ernestine Wieder Singer was lawfully married to respondent David Emil Singer on the 12th day of October, 1930. Subsequently they separated and have been living apart since November 4, 1931. There are no children.

On February 3, 1932, the petitioner applied to the City Magistrates' Court of the City of New York for an order compelling support by the respondent.

On February 15, 1932, by an order of that court, the respondent was directed to pay to the petitioner the sum of seven dollars per week.

The petitioner since her separation from her husband has lived in Philadelphia with her mother and her father, a physician recently deceased.

The petitioner testified that she attended school in Philadelphia in 1931; that during the year 1934 she was a research worker at the University Museum of the University of Pennsylvania and that she also resided during the year 1935 in Philadelphia.

The records of the Court of Common Pleas of the State of Pennsylvania show that a proceeding was brought about in July, 1936, by the petitioner against the respondent for a divorce. The petitioner in that proceeding declared her residence to be 1512 West Diamond street, Philadelphia, and stated that she had resided in that city since October 1, 1934.

Following the issuance of process in the Court of Common Pleas, the respondent went to Philadelphia and accepted service of the " Libel in Divorce and Subpœna " issued by that court. No further steps in the divorce action appear to have been taken except as above set forth.

Upon her own statement the petitioner is a resident of the State of Pennsylvania. The petitioner during a vacation came from Philadelphia on December 22, 1936, the day before the instant case came up before this court. She testified that she was obliged to return by January 4, 1937, to that city as she is employed there at seventy-five dollars per month.

She now asks this court for an order enforcing the payment required by the original order of February 15, 1932, together with the accumulated arrears. Petitioner testifies that she is a legal resident of the city of New York and that she is ready, willing and able and prepared to live with her husband, the respondent, " if he so desires."

The long separation of the parties, their residence apart in different States, the pursuance by the petitioner of her social studies, her long residence with her parents in Philadelphia, her action for divorce in the Pennsylvania court, and the statements made by her in that proceeding, all of these facts contradict both her statements that she is a resident of New York city or that she is willing to live with her husband if he so desires.

Her non-residence, however, is no bar to her rights to apply for support from respondent in this court. The residence of the husband in this city continues the jurisdiction originally acquired. (Domestic Relations Court Act of City of New York, § 103.)

Section 92 reads as follows: " Powers. In the exercise of its jurisdiction the Court shall have power (1) To order support of a wife or child or both, irrespective of whether either is likely to become a public charge, as justice requires having due regard to the circumstances of the respective parties."

No evidence has been offered by the petitioner to show that she is not enjoying a degree of comfort and style of living equal to that of her husband. Her own testimony is that she is employed and is receiving seventy-five dollars per month. Hence, she is not in any want or poverty, nor, as far as the evidence offered by the petitioner is concerned, is she living in any less social station than that enjoyed by her husband, the respondent herein.

In a case where an order for some years is not enforced by a wife apart from her husband for a long period of time and living in the meantime with her parents, there is a presumption that she does not need support. This rule gains additional strength when the wife allows to accumulate upon an unenforced order of seven

dollars per week a large sum, aggregating hundreds of dollars and accumulating for consecutive years.

The failure or omission of the petitioner-wife to apply promptly to this court upon the first defaults, to compel compliance of the order by the respondent, may spell out a waiver by the petitioner of the requirements of the order. Certainly, it indicates the absence of dire need which becomes conclusive where it continues over a period of successive years.

Court orders remaining unenforced over a long period of time indicate an intention to waive, abandon or an intention to prosecute no further. Such situations are common occurrences in husband and wife support cases in this court.

In *Thompson* v. *Thompson* (197 App. Div. 228) the Appellate Division of the Second Department upheld the principle that the wife waives and relinquishes her right to ask that the defendant be punished for contempt for failure to pay the sum originally required to· be paid where she accepted a sum equal to half of the original order for a number of years. In the instant case the principle is the same. The petitioner in this case has in effect consented for a number of years to waive the provisions of the order requiring payment.

In the *Thompson* case it was a motion to punish the husband for contempt for a failure to carry out an order of Special Term which theretofore had remained unenforced for several years. In the instant case· it is an attempt to punish the husband by holding he must pay the arrears accumulated over a number of years. The principle is identical in both cases.

In *Matter of Ace Mailing Advertising, Inc.,* v. *Newgold* (265 N. Y. 298) it was held that the failure by the judgment creditor to enforce a restraining order for a period of three years is deemed abandoned by a lapse· of time and that such abandonment may occur not only by formal stipulations or order but by the apparent intention of the parties.

At the time the original order was made the facts indicated to the magistrate that the petitioner at that time was entitled to the weekly sum named in the order. Upon the facts and circumstances in the record it is conclusive that the enforcement of the original order was abandoned and waived.

The principles set forth are fully sustained in the case of *Swanton* v. *Curley,* unanimously decided by the Court of Appeals (273 N. Y. 325). In the *Swanton* decision the court said: " In view of

her acquiescence for eleven years in defendant's omission * * * no right of plaintiff to this judgment for arrears is apparent."

Moreover, it is apparent from the petitioner's testimony that she is in no need of support from the respondent, and having due regard to the circumstances of the respective parties the court is constrained to deny the petition of the petitioner.

The petition, therefore, is " reserved generally," which will have the effect of keeping the proceeding open and preserving the right of the petitioner to renew her application should her circumstances show a change or if she should lose her employment; in such event she may then apply to this court again and the case will be restored to the calendar for a hearing upon such renewed application showing her change of circumstances. So ordered.