SONENFELD *v.* SONENFELD.

1. DIVORCE—NONPAYMENT OF ALIMONY—DELAY.

Husband is not found in contempt of court for nonpayment of money for support of child for upwards of 9 years in proceedings to compel payment brought over 2 years after end of period he was ordered to pay, where wife had not sought the alimony for over 10 years, was self-supporting and knew whereabouts of husband.

2. SAME—PAYMENT OF ACCRUED ALIMONY TO CHILD.

Order of trial court requiring husband to pay $10 each week to friend of the court as trustee for payment to son when he reached majority was not within the power of the court, since the child was not legally entitled to accrued alimony which the husband had not paid the wife.

3. SAME—COSTS.

No costs are allowed on appeal in suit for divorce, where wife neither cross-appealed nor filed a brief upon reversal of decree and remand of case with order that payments to friend of the court be returned to defendant husband.

Appeal from Wayne; Miller (Guy A.), J. Submitted June 5, 1951. (Docket No. 22, Calendar No. 45,115.) Decided September 5, 1951.

Divorce proceedings by Olga Sonenfeld against Philip Sonenfeld. On contempt proceedings for failure to pay support money ordered. Petition by defendant for modification of alimony. Order adjudging defendant guilty of contempt. Defendant appeals. Reversed.

*Tilden M. Gallagher* (*Edwin J. Lukas,* of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1] As to defenses to proceedings for contempt, see 17 Am Jur, Divorce and Separation § 670.

BUTZEL, J.   Olga Sonenfeld (now Weber) obtained a divorce decree from her husband Philip Sonenfeld on February 9, 1939, on grounds of desertion.   He did not contest the case.   They are the parents of one child, Robert, born May 5, 1931.   At a hearing the wife testified that she wanted nothing from her husband, that she was in business, and insisted that she could support both herself and the child.   From the testimony it appears that the parties had agreed that Mrs. Sonenfeld would ask for no support.   The court, however, properly decreed that Philip Sonenfeld pay $7 each week to the wife for the support of the minor child until May 5, 1948, when the child would attain the age of 17 years. Both parties remarried, the boy remaining at all times in the sole custody of his mother.

On October 5, 1950, 2 years and 5 months after the child had become 17, and more than 11 years after the divorce decree, contempt proceedings were instituted by the wife to compel the husband to pay the sum of $3,374 as accrued alimony for the support of the child.   It was alleged that the husband had paid nothing under the decree.   The husband petitioned for modification of the original decree so as to provide for a cancellation of the accrued alimony.

At the hearing in the contempt proceedings, the testimony was in conflict as to the events immediately following the divorce.   The wife testified that she told the husband that she had been awarded alimony and asked him on 10 or 15 different occasions for money.   She admitted, however, that she never asked him after 1940 and never instituted legal proceedings to compel him to pay.   The husband never paid anything to the wife, although on rare occasions he gave a trifling sum to the boy.   The husband testified that he was not even informed that his wife had received her divorce until 5 or 6 months after

the fact when he was told by mutual friends, and that he was never asked for money by his wife.

While the trial court did not pass on the question, it may have possibly felt that the wife was estopped from claiming the accrued alimony by her long inaction under our very recent decision of *Chipman* v. *Chipman,* 308 Mich 578, a case somewhat similar to the instant one. By her own admission the wife has not asked the husband for money for 10 years, never used the court process in an attempt to compel him to pay although the husband has worked at the same factory in Detroit for some 30 years, and the wife was at all times cognizant of his whereabouts. The son is self-supporting and there is no longer any necessity for the wife to support him. It seems probable, after so many years, that the husband was correct in claiming that it was the intention of the wife not to look to him for money to support the child. In the *Chipman Case, supra,* we said:

"Plaintiff certainly was dilatory in her efforts to collect the alimony from year to year. Her failure for a period of nearly 15 years to use reasonable efforts to obtain payment through the means provided by law lends credence to defendant's claim that she agreed not to collect it if he would agree not to visit the child. Apparently she elected to support the child herself rather than to compel defendant to contribute the decreed alimony for his support."

See, also *Barnaby* v. *Barnaby,* 290 Mich 335.

The husband testified at the hearing on the order to show cause that he is now without property and is dependent upon his weekly earnings for livelihood, although this is supplemented to a certain extent by his present wife's earnings.

However, the trial court held that the son was entitled to the arrears, saying that there was "no indication of any ground of estoppel which ought

to operate as against the rights of the child." The husband was adjudged guilty of contempt and was ordered to pay $10 each week through the office of the friend of the court. The friend of the court was appointed trustee for Robert Sonenfeld and was to turn over to him the accumulated payments when he reached the age of 21 years. Thereafter he was to receive the weekly payments as they were made. The petition for modification of the alimony provision of the divorce decree and for the cancellation of the accrued alimony was denied and this appeal taken. During the pendency of this appeal the husband has been paying $10 each week into the office of the friend of the court.

Discussing the problem of back alimony in *Renn v. Renn,* 318 Mich 230, we said, at page 236:

"These payments on the arrears properly belong to the plaintiff (wife) inasmuch as defendant's default in respect thereto necessitated plaintiff's paying the cost of the child's maintenance out of her own income."

In *Maslen* v. *Anderson,* 163 Mich 477, we held:

"Our statutes give the court power to grant alimony to the wife for support of herself and minor children, and to give a lien against the property of the husband to secure the payment of same; but they do not give the court power to decree the payment of any sum to the children upon their reaching majority, or to create a lien to secure the payment thereof. In fact, our courts of chancery in divorce cases have no power to decree that any sum be paid direct to the children, even during their minority."

As the child is not legally entitled to the accrued alimony, the order of the court must be set aside.

Plaintiff has neither cross-appealed nor filed a brief in this Court.

A decree will be entered in this Court, reversing the order of the trial court and remanding the case in order that the payments now held by the friend of the court be returned to the defendant.  No costs.

REID, C. J., and BOYLES, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred.