RICCA TAMNY, Plaintiff, *v.* SIDNEY TAMNY, Defendant.

Supreme Court, Special Term, Bronx County, March 4, 1954.

*P. Ben Kaufman* for plaintiff.

*Englander & Englander* for defendant.

MATTHEW M. LEVY, J. The parties were married in 1931, and they have a son born in 1941. The wife obtained a divorce in New York from her husband in 1951. The judgment pro-

vided that the wife shall have sole custody of the infant child, with the right of visitation in the defendant, " at such time or from time to time as he shall choose ", " having in mind at all times the best interests of said child ". The judgment also decreed that the husband pay the wife $18 weekly " as and for her support and the support and maintenance of the issue of said marriage ". In June, 1953, wife and son left for Florida, and have not returned. Husband and son have not seen each other since. The trip to the southland is claimed by the wife to be a temporary one and for reasons of health; by the husband because the wife intends to marry and permanently to reside there.

The matter comes before me by way of a motion by the plaintiff wife to punish the defendant husband for contempt for failure to pay the alimony and support, to require him to furnish a bond as security, for the entry of a money judgment for the unpaid sums, and for the payment to the plaintiff of an attorney's fee and of costs of motion. The defendant states that he means to obey the directive of the judgment, and has deposited the moneys accruing under it in trust for the child, to be paid over at such time as the plaintiff herself complies with the decree provisions as to visitation. The defendant urges that he should not be compelled to perform the duty imposed by the judgment as to maintenance, if he is deprived of the benefit of the judgment as to visitation.

The defect in the defendant's contention is that payment and visitation were not by the decree made conditional — one upon the other. It may be that under appropriate circumstances and upon proper application, the husband would be entitled to enforce the visitation rights accorded him in the decree, or to obtain an allocation of the allowance for alimony and support. It is quite clear to me, however, upon the present submission, that he cannot escape the obligation to support the child as directed by the decree (*Schweig* v. *Schweig,* 122 App. Div. 787; *Altschuler* v. *Altschuler,* 248 App. Div. 768; *Smith* v. *Smith,* 255 App. Div. 652).

The motion to punish and for entry of judgment will therefore be granted. In other respects the motion will be denied. Settle order.