JUNE HOLIBER, Plaintiff, *v.* THEODORE C. HOLIBER, Defendant.

Supreme Court, Special Term, Bronx County, April 15, 1955.

*Bernard Kaufman* for plaintiff.

*David Kashman* for defendant.

MATTHEW M. LEVY, J.   Supported by her affidavit, sworn to February 9, 1955, plaintiff applied for an order " modifying the decree of divorce heretofore entered [in her favor] on the 14th day of February, 1947, so as to provide for increased payments by the defendant for the support, maintenance and education of the infant children, and for increased payment by defendant for the support and maintenance of the plaintiff herein, and for an order directing the defendant to make reasonable payment to the plaintiff as and for counsel fees [for services] to be rendered herein ".   The divorce decree required the defendant to pay the plaintiff $15 per week for herself and $10 per week for each of the two infant children of the parties.   Plaintiff asks the weekly allowances to be increased to $30 per child and $50 for herself.   The two children are now in their teens and undoubtedly the expense to the plaintiff of their maintenance is more now than eight years ago.   And if that were all to the case, modification might be in order — commensurate with the defendant's present financial status.

But he who appeals to the court for equitable relief must come into court with clean hands.   The maxim applies as well to a " she ".   And it is obvious from the papers before me that plaintiff's hands are unclean.   Among the reasons set forth in her affidavit as requiring an increased allowance, she says that " Plaintiff also finds it necessary at this time to seek other living quarters, as we now comprise three adults, more or less, residing in a three-room apartment, with only one bedroom and in order to get proper accommodations, substantially more

monies will be required." It turns out, however (as charged in the defendant's answering affidavit and documents) that on February 8, 1955 — one day before the plaintiff swore to her affidavit — she applied for and obtained a license to marry; that in fact she did marry on February 26, 1955 — two days before the original return date of her application for increased alimony, and three weeks before actual submission to the court; that her husband and she had already leased a six and one-half room apartment at a substantial increase in rental; and that her husband is of sufficient means to supply her with furs and jewelry and a new automobile. None of this was disclosed to the court by the plaintiff, none of it is denied by her in response to the defendant's proof, and no explanation is given for the glaring nondisclosure of the relevant facts.

The plaintiff's recent marriage is undoubtedly a happy circumstance, one not readily forgotten, and a happy marriage is particularly one for rejoicing and remembrance. Why then, did the plaintiff conceal the marriage? Was it because, on an application such as this, the fact of marriage alone would impel the court to cancel the alimony now payable to the wife — much less consider increasing it? (See Civ. Prac. Act, § 1172-c.) In the circumstances, the motion should be and is denied, even without any inquiry as to the defendant's capacity to pay an increased award. And were it not that young children are involved, the denial (because of the fraud sought to be perpetrated upon the court) would be without leave to renew. But, recognizing that the infants are not in any way accountable for the situation, the denial is without prejudice to renewal, upon condition that the plaintiff by personal affidavit give satisfactory explanation for withholding the information on her present motion, and file a personal consent to a modification of the judgment so as to strike therefrom any provision for alimony for herself. This court cannot permit itself, on these papers, to consider granting any relief whatsoever at the plaintiff's behest. Let that be done when she — as the moving party seeking to invoke the equitable conscience of the court — comes into court with clean hands.

Order signed.