Matthew M. Levy, J.
The plaintiff wife moves for the entry of judgment in the sum of $2,598, representing arrears allegedly unpaid under a divorce decree. On the argument, both parties agreed that there should be a reference to determine the amount for which judgment is to be entered for the unpaid maintenance for the child. The only issue that remains is that of the plaintiff’s claim for herself.
The judgment — interlocutory on March 18, 1948, and final as of course three months later — provided for weekly alimony of $10 for the wife and weekly support of $15 for the child of the parties (custody being in the wife). No payment whatsoever was made by the husband to the wife on account of the $10 weekly alimony. The plaintiff relies upon the decree, which provides for payments to her. But, in the circumstances of this case, I am not of the view that the decree can be looked at in a vacuum.
*733 It appears here that, after the institution of the suit for divorce, an agreement, dated January 26,1948, was entered into between the plaintiff wife and the defendant husband. As to support, the agreement provided only for payments by the husband for the maintenance of the child of the parties at the rate of $15 per week. (This agreement is presently thought by the parties to be missing; but, upon requisitioning the filed papers, I found the document annexed to and made a part of the judgment roll.) The defendant defaulted in answering the complaint. On February 20, 1948, at the time of the usual uncontested hearing before the Official Eeferee, it was testified that the husband earned $60 weekly, and that the wife was employed. The wife there stated that she wanted no support for herself; but the Eeferee disagreed, and the decree recommended by him provided (in addition to the agreed $15 weekly maintenance for the child) for $10 each week for the wife — which, as indicated by the Eeferee on the record of the hearing before him, could be saved for the child by the plaintiff, if the plaintiff received these payments. The Eeferee’s report, dated March 3,1948, and made upon notice to the defendant, provided for the allowance for both wife and child. Thereafter, a further agreement, dated March 8, 1948 (a copy of which is submitted) was entered into. This referred to the earlier contract, and again provided only for $15 per week for the child. The interlocutory decree was entered on notice eight days after the second agreement; the judgment was made final on June 16, 1948. And both were to the same effect as the report of the Eeferee — alimony for the wife and support for the child.
As I have said, the defendant' did not at any time pay any alimony to the plaintiff, and now I add that none was demanded by her until the making of the present motion. In 1951, the plaintiff married another, and by that other has given birth to and reared a family. It is quite clear that there is no legal basis whatsoever for any claim by the plaintiff for the period subsequent to the date of the plaintiff’s remarriage (Holiber v. Holiber, 207 Misc. 716). It is therefore only the antecedent period which concerns us now.
Great weight is of course to be given to the terms of the divorce decree. Its provisions are not lightly to be cast aside. But the entry of a money judgment does not — as does the night follow the day — inexorably follow from the conceded nonpayment of the sums provided for in the decree. Section 1171-b of the Civil Practice Act provides in part that where “ the husband * * * makes default in paying any sum of money as required by the [matrimonial] judgment * * *, the court *734 in its discretion may make an order directing the entry of judgment for the amount of such arrears, or for such part thereof as justice requires having regard to the circumstances of the respective parties ”. It may be that inquiry as to “ the circumstances of the respective parties ” is (under this clause) necessarily to be limited to their respective economic conditions. Section 1170 of the Civil Practice Act provides, among other things, for the support of the wife, to be directed ££ as justice requires ’ ’. It is there further stated that the ‘£ court, by order, upon the application of either party to the action * * * after due notice to the other * * * at any time after final judgment, may annul, vary or modify such directions. * * * Subject to the provisions of section eleven hundred seventy-one-b the authority granted by this section shall extend to unpaid sums or installments accrued prior to the application ”. This section, too, may not be broad enough for present purposes.
Nevertheless, I find adequate aid — dehors the statute — in recognized legal principles of law and equity. The issue, as I see it, is whether the support provision for the plaintiff herself has been effectively waived by her (Bowman v. Bowman, 271 App. Div. 943; Gehring v. Gehring, 262 App. Div. 1065). Parties may waive their rights under a contract or under a decree whether foreign or domestic when there is no law preventing waiver ” (Rehill v. Rehill, 281 App. Div. 855, 856, revd. on other grounds 306 N. Y. 126). Payments for alimony and for support of children, though required to be made by agreement and judgment, may be waived ” (Axelrad v. Axelrad, 285 App. Div. 903, 904, affd. 309 N. Y. 687). What is the legal situation when the express agreement, which foregoes personal support, was made by the wife before and not after the judgment awarding it? None of the cases that have been cited to me is on all fours with the case at bar. I am of the view, in the circumstances of the instant case, that the fact that the judgment was entered subsequent to the execution of the agreements is not conclusive. For the judgment appears to have been made as it was, not because the plaintiff desired it so, but because the Referee and the court willed it so. And, while the judgment (with the personal alimony provision included) was entered upon notice to the defendant, the plaintiff, for many years thereafter, did nothing whatsoever to enforce the clause favorable to her, notwithstanding complete noncompliance on the part of the defendant. I do not hold here that there necessarily was a waiver, but it seems to me that waiver there may have been — by later conduct or arrangement coupled with the earlier written agreements, and subject, of course, to the facts giving rise to *735 their execution. If there were no waiver (and the circumstances of the parties so warranting), money judgment should follow. And if there was a waiver, it is, I hold, just as effective as if it had been provided for by an indisputable express post-decree document, formally executed by the parties — just as effective, at least, until it is shown that the plaintiff repudiated it. And in the case at bar, the claimed repudiation is not asserted to have occurred here until years after the wife’s remarriage.
All the facts must be ascertained. They cannot be definitely determined on the papers alone. As in Renkoff v. Renkoff (285 App. Div. 876, 877) I “ deem that it would be preferable to have the Official Referee inquire into all the facts and circumstances as to nonpayment of alimony and nonentry of judgment over the years ’ ’. There will be a reference accordingly. Settle order.