Louis J. Capozzoli, J.
Motion to modify judgment of divorce, to punish plaintiff for contempt and to enter judgment for alimony arrears is disposed of as follows: The judgment entered on December 3, 1952, fixed the support of the two children at a greater sum than was provided in the separation agreement. Defendant, to whom custody of the children was awarded, seeks an increase for the maintenance of the children. The application is resisted by plaintiff on the ground that the terms of the separation agreement bar an increase. However, the court has the power to modify the provisions for the support of the children despite the existence of the separation agreement (Meyer v. Meyer, 5 A D 2d 655). Taking into consideration the fact that six years have elapsed since the entry of the judgment, it is obvious that the needs of the children increase as they grow older and the costs of properly maintaining them have, therefore, become greater. Under these circumstances and in view of plaintiff’s increased earnings, the motion to amend the judgment is granted and the provision for the support of the children is increased from the sum of $50 every two weeks to $65 payable every two weeks.
On the conceded facts it is quite clear that plaintiff’s payments of $50 semi-monthly since December 3,1952, have resulted in arrears of approximately $600 up to the date under the provisions of the judgment. In addition, defendant claims that plaintiff has withheld $225 because the children were taken out of the State. Plaintiff disputes the claimed arrears of $825 but admits he has withheld the sum of $150. While defendant in November, 1956 asserted that plaintiff was in arrears of $375, she took no steps to enforce the judgment but continued to accept the lesser payments without protest. In accepting the payments for the past six years without insisting that plaintiff pay the sum required by the judgment, defendant waived her right to punish plaintiff for contempt for failure to pay (Thompson v. Thompson, 197 App. Div. 228). Moreover, her conduct bars her from entering a judgment for those arrears (Axelrad v. Axelrad, 285 App. Div. 903).
*358 Although defendant has not satisfactorily established that plaintiff withheld payments of $225, the latter admits he failed to pay $150. While defendant’s removal of the children to Florida may have interfered with the visitation rights fixed in the separation agreement, no such rights were provided for in the judgment. Accordingly, the plaintiff was not entitled to withhold the payments (Tammy v. Tammy, 205 Misc. 439).
Inasmuch as defendant accepted the lesser payments for six years and has failed to show that the withheld payments aggregated more than $150, the motion to punish is granted to the extent of fining the plaintiff the sum of $150. He may purge himself of the contempt by paying such sum in installments of $10 every two weeks, provided he continues to pay therewith the sum of $65 for the support of the children as fixed in the amended judgment.
Motion to enter judgment for arrears is granted to the extent of directing the entry of judgment in the sum of $150 together with $10 costs and disbursements.
In addition defendant is awarded $50 for counsel fee on this application.
Settle order.