■ RUTH KURZWEIL, Appellant, v. ROBERT KURZWEIL, Respondent.— In an action for a judicial separation, in which a judgment of separation had been entered in 1951 in favor of plaintiff wife awarding her the sum of $75 per week for her support and the support and maintenance of the two infant issue of the marriage, the plaintiff appeals from an order of the Supreme Court, Queens County, dated October 14, 1964, which denied her motion: (1) to adjudge the defendant husband in contempt for failing to pay $2,025 allegedly due under the said judgment; (2) to direct entry of a judgment for the amount of said arrears; and (3) to direct payment of a counsel fee to plaintiff. Order reversed, with $10 costs and disbursements, and matter remitted to the Special Term for further consideration not inconsistent herewith and for determination *de novo*: (a) either upon the affidavits which have been submitted and such other affidavits, if any, as the parties may be advised to submit; or (b) after a hearing, should the court deem one necessary. A prior application by the plaintiff for relief similar to that sought here, with respect to arrears which allegedly had accrued to the time of the making of that application, was denied by the Special Term on the ground that plaintiff's conduct "must be considered as constituting a waiver or estoppel of her rights under the judgment of separation". There was no

appeal from the order entered on that decision. The instant application was denied, apparently, upon the ground that such prior determination was a holding that plaintiff was barred, permanently, from pursuing her rights and remedies under the judgment of separation. In our opinion, however, the prior determination did not bar the instant application, which involved arrears allegedly accruing *subsequent* to the making of the first motion. The prior decision related only to plaintiff's rights with respect to arrears which had accrued to the date of that application (*Siegel* v. *Siegel,* 8 A D 2d 333, 334; *Glassman* v. *Glassman,* 20 A D 2d 563); and what was there said must be limited to the facts then under consideration (cf. *Crane* v. *Bennett,* 177 N. Y. 106, 112; *State ex rel. Murphy* v. *District Ct.,* 99 Mont. 209). The instant motion, made after defendant had been put on notice by the first application that plaintiff was insisting on her rights under the judgment of separation (cf. *Thompson* v. *Thompson,* 197 App. Div. 228), presents a different factual situation and should be determined upon consideration of all the facts now relevant (cf. *Renkoff* v. *Renkoff,* 285 App. Div. 876; *Oritzland* v. *Oritzland,* 6 A D 2d 808). Beldock, P. J., Ughetta, Christ, Brennan and Benjamin, JJ., concur.