Nicholas M. Pette, J.
Defendant moves for an order pursuant to section 236 of the Domestic Relations Law modifying the order of this court dated September 12, 1960 granted by Mr. Justice William B. Lawless of the Supreme Court, Erie County, by reducing the alimony payments required under such order to $20 per week, and for such other and further relief as to the court may seem just and proper.
It appears that by order of this court dated September 12, 1960 a decree of divorce was granted in which plaintiff was awarded alimony at the rate of $100 per week. At that time defendant was unmarried, had no dependents and was earning a net salary of $10,000 per year. There was no issue of that marriage. Since the date of such decree there has been a tremendous change in defendant’s economic condition and circumstances.
Since said divorce the defendant has remarried and now has three children the issue of said marriage, which include twins born in July of 1965, the oldest child being one and one-half years old. Although defendant’s net earnings are now $13,000 per year his personal obligations have greatly increased, and, of course, the purchasing power of the dollar is much less.
*387 Defendant has set forth on page “ 2 ” of his supporting affidavit herein an itemized statement of his monthly expenses which add up to $781 and with current monthly alimony payments to plaintiff of $433 make his total monthly expenses $1,214, or $14,568 per annum.
Defendant alleges that the recent birth of twins to his wife created heavy medical expenses, since the births were difficult and both children were on the critical list for several days after birth at Good Samaritan Hospital, Suffern, New York. His hospital bill to date is $2,250, and doctors’ and attending surgeons’ bills amount to $1,000, and both children requiring hospitalization for an additional six weeks at a cost of $2,100 will make his total medical bill $5,350.
Defendant further alleges that by doctor’s orders, his wife will be bedridden for the next two months, and as a result a practical nurse is required at an additional expense of $40 per week.
Due to the increased financial pressure, defendant had to borrow from his company, Atlantic Micro-Film Corp. of which he was president and sole stockholder. And due to pressure from creditors of the company, defendant had to sell one half-interest in the company and apply all the proceeds to pay the company’s debts. He now cannot borrow from the company, and thus a source of funds by borrowing as well as a source of potential income is gone.
Defendant alleges that plaintiff presently earns about $6,000 a year and at the time of the order fixing alimony she was earning about $5,200 a year. She received the family household from defendant and presently has about a $30,000 equity in it. She also received $12,000 in cash for her share in defendant’s company. Her alimony payments through April, 1965 are paid in full. Defendant avers that plaintiff’s annual income to date including alimony payments exceeds $10,000. Defendant’s income after alimony payments is under $8,000. Plaintiff lives alone, while defendant is the sole support of a family of five.
It is significant that plaintiff is single, admittedly 48 years of age, in good health, childless and earning about $6,000 per annum; that she owns a fine home worth $40,000, with a mortgage thereon less than $10,000 and that defendant in April of this year paid plaintiff the sum of $9,000 for all accumulated arrears of alimony, which sum of $9,000 defendant borrowed from the new interest in the corporation.
The Supreme Court, under section 236 of the Domestic Relations Law, may “Upon the application of either the husband *388 or the wife, upon such notice to the other party and given in such manner as the court shall direct, the court may annul or modify any such [alimony] direction”.
The court in considering an application for modification of the amount of a prior alimony award will consider any significant changes in circumstances which materially increase or decrease the financial burden on either spouse. There is no definite rule as to what elements should be considered by a court in determining a motion to reduce an alimony award. The individual factors and circumstances of each case must be weighed by the court, in its discretionary efforts to seek to achieve a true and equitable balance.
The Commentary by David D. Siegel to section 236 of the Domestic Relations Law discusses the discretion of the court as to matters of support, as follows: “ The most striking aspect of section 236 [Domestic Relations Law] is the unfettered discretion conferred * * # on the court. No contingencies or conditions are set forth; the standard here is general and apparently all encompassing. It is phrased thus: ‘ support * * * as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties ’. * * * The emphasis in the above-quoted criterion continues to take the court’s discretion in the parties’ — including the wife’s — financial circumstances, and thereby permits the court to come to a determination after considering how much the wife owns and how much the wife earns. If the court finds that the wife’s own resources are great, it might withhold alimony on that ground alone. Clearly, it can reduce the alimony that might otherwise be awarded by looking at the wife’s income. The probability is that the wife’s income will be a substantial determining factor mainly in cases where that income is independent, i.e., not produced by her services; in the latter instance the court may consider the demands upon her time made by her children, and her age, physical condition, etc., conclude that though she is working she should not have to continue working and thereby eliminate her salary as a determining factor.”
Manifestly, the standards presented above are based on previous case law. The factor of the wife’s income and property is of great significance in determining her needs; the circumstances of the husband and his responsibilities; the age and health of the wife. A balance should be struck between the parties so that one does not become an alimony drone to the great detriment of the other.
It has long been recognized that the purpose of alimony is not punitive, but to support those not capable of adequately *389 supporting themselves at a respectable standard. An award which would grant the former wife much more than her needs and force her former husband (who has remarried and is supporting a wife and three children) into debt is inequitable and punitive and should be modified. (Phillips v. Phillips, 1 A D 3d 393.)
In Brant v. Brant (23 Misc 2d 646, 648) the court said: ‘ ‘ under the law of our State, alimony awards are not rigidly fixed for all time but may be adjusted at any time by either party, in the light of changed need and circumstances. * * * A realistic attempt must be made in this instance, as in all cases, to balance the wife’s needs and her independent means, if any, for meeting them, with the husband’s ability to pay.” This basis was also succinctly stated in Larkin v. Larkin (19 Misc 2d 172, 174), where the court stated: “ The law of our State now properly provides that as the needs and circumstances of one side of the equation measurably shift, a correlative adjustment must be made on the other.”
Upon all the facts gleaned from the papers submitted on this motion, this court is of the opinion that the present circumstances of the defendant warrant a reduction in the alimony award previously granted.
In the case at bar, plaintiff’s income, with her alimony payments, is almost equal to defendant’s income before deducting his alimony payments, and after he has deducted his alimony payments he must support his family of five, including an infirmed wife, on half the income that plaintiff, childless and living alone, receives. This is certainly a serious inequity and as such this court in the exercise of discretion must adjust the alimony rights and responsibilities of the parties in accordance with the true duties and responsibilities of each party to their respective families. It would be a strange law that would permit a single woman to lavish in splendor while her former mate wallows in the despair of supporting a family of five from an income drained by alimony payments to the single woman.
It has been well written that today’s problems must be faced in the context of today’s world. Women in general and plaintiff in particular, without the burdens of children to support, are extremely capable and able to support themselves. To the extent that her capabilities are not in such demand as to command a salary on a par with that of her former husband’s, she should receive partial compensation to raise her income to a respectable level, but not to such a high point as to exceed his. Her burdens are few and his are many so let not this award of alimony serve as a cross for the defendant and his innocent *390 family to bear but as a hallmark of equity where justice was done with balanced scales.
In the light of all the facts elicited from all the papers submitted on the instant application, this court, in the exercise of discretion modifies the judgment entered on September 12, 1960 in favor of the above-named plaintiff and against the above-named defendant by reducing the amount of the alimony awarded to plaintiff from the sum of $100 per week to the sum of $40 per week, effective from September 27, 1965.