338

Molton BEASLEY *v.* Christine BEASLEY

5-5031                                          445 S. W. 2d 500

Opinion delivered October 13, 1969

*Brockman & Brockman,* for appellant.

*Reinberger, Eilbott, Smith & Staten,* for appellee.

Lyle Brown, Justice. The chancellor refused to grant relief to Molton Beasley, appellant, from an alimony award in favor of Beasley's former wife, Christine Beasley, appellee. Pleas by the former husband (1) that Mrs. Beasley had remarried, (2) that Mr. Beasley had lost several weeks of work from illness, and (3) that Beasley himself had remarried, were not persuasive to the chancellor. The single point on appeal is that the court erred in not terminating, or at least reducing, the alimony.

The findings set forth in the decree of divorce

handed down in April 1968 are significant. Mrs. Beasley was awarded a divorce, custody of their 13-year-old son, $50 support money for the boy, and $100 per month alimony for a period of five years, at which time the alimony would terminate. Then there were provisions for the disposition of designated personal property and financial liabilities. Two automobiles were divided; household furniture and fixtures were awarded the wife, subject to an outstanding lien for the balance owed on the furniture; the wife was required to pay a debt owed a jewelry store; and the husband was to pay all other obligations of the parties. We have no transcript of the pleadings and proceedings culminating in the decree just described.

In November 1968, the husband petitioned for a modification of the decree with reference to alimony, first alleging the loss of work due to illness, resulting medical expenses, and his remarriage. At the conclusion of the testimony the court announced from the bench that he would deny the petition. The day following that hearing Mrs. Beasley was united in marriage with Sidney A. Hall. Twenty days thereafter, Mr. Beasley filed another petition for modification on the ground that Mrs. Beasley's recent marriage entitled him to have the alimony terminated. A hearing was conducted one week thereafter and Mr. Beasley's petition was denied. It was agreed that since no formal order had then been entered with respect to the first hearing, the court would treat the two hearings as singular and incorporate his conclusions in one order.

The trial court stated that in law the remarriage of the wife does not necessarily warrant the reduction of alimony. "Now it can under certain situations, but in this particular case the alimony was for a limited period of time and in the absence of any other circumstances than just a mere marriage the court will deny your motion." Then at another point the court said: "If the alimony had been continuing indefinitely the court would

feel a little different application would be due, but due to the fact that this alimony was fixed for a time certain, the court doesn't feel like the remarriage [of the wife] is sufficient to warrant a reduction of the alimony."

The court should have granted relief to Beasley from alimony payments. We base this conclusion on a combination of three reasons:

(1) The award of $100 per month was restricted to alimony. Several references in the decree refer to the monthly payments as alimony. It is not a situation where the court was trying to balance some inequity in the division of personal property. In fact, the decree separately provides for the division of personal property and the payment of family debts.

(2) The court's provision for alimony amounted to the award of a gross sum, $6,000, to be paid in installments of $100 per month. We had the same situation in *McIlroy* v. *McIlroy*, 191 Ark. 45, 83 S. W. 2d 550 (1935). In that case the trial court fixed alimony at $50 per month for twenty-four months. We said:

On the question of alimony we are of the opinion that the decree of the chancellor was in effect the award of a gross sum to be paid in installments which is contrary to the doctrine announced in our cases cited by appellant, namely, *Brown* v. *Brown*, 38 Ark. 324; *Wood* v. *Wood*, 59 Ark. 441, 27 S. W. 641; and *Walker* v. *Walker*, 147 Ark. 376, 227 S. W. 762. The rule in those cases seems to be that a court, in awarding alimony, should not fix a specific sum, but a continuing allowance payable at fixed regular intervals. It is true that future circumstances might arise which would warrant the court in altering the amount of the allowance or in discontinuing it altogether.

In *McIlroy* this court erased the lump provision

payable monthly and treated it as an award of alimony in the amount of $50 per month with no limit on the number of monthly payments. The court acted likewise in another case involving the same error. *Birnstill* v. *Birnstill,* 218 Ark. 130, 234 S. W. 2d 757 (1950). There the trial court directed a lump sum payment of $60, payable in monthly installments of $10 each. We struck down the fixing of a total amount and ordered the monthly payments of $10 continued as permanent alimony, subject to any future changed conditions.

(3) The remarriage of the wife was sufficient grounds, in the circumstances of this case, to cause her alimony to be terminated. Concerning the status of alimony after remarriage of the wife, we said in *Wear* v. *Boydstone,* 230 Ark. 580, 324 S. W. 2d 337 (1959):

> Appellee, though admittedly unable to cite an Arkansas case directly holding that alimony payments cease *automatically* upon the remarriage of the wife, apparently feels that we should take such a view. We have no quarrel with the statement that alimony payments should cease upon the divorced wife's remarriage, for we see no logic in requiring a first husband to contribute at regular intervals to an ex-wife whose care and maintenance has been assumed by a second husband. We have held on several occasions that the remarriage of the wife is sufficient grounds to entitle the husband to a termination of the alimony payments—*on making proper application to the court granting the original decree. Casteel* v. *Casteel,* 38 Ark. 477, *Erwin* v. *Erwin,* 179 Ark. 192, 14 S. W. 2d 1100.

Here we are of course concerned with the facts in the case at bar and they furnish the basis for our conclusion. Mr. Beasley earns a modest salary as an employee of Pine Bluff Arsenal; he lives in a trailer court and evidently has accumulated no property; he is being treated for emphysema and for a condition that could

precipitate a blood clot; and he has accumulated considerable medical expense which is not covered by insurance. There is not a scintilla of evidence to the effect that Mrs. Beasley's second husband is financially unable to assume his legal responsibility for the care and maintenance of his wife.

The date of the decree ordering alimony payments continued was March 11, 1969; since the chancellor should have then discontinued the payments he is directed to adjust the account between the parties as of that date.

Reversed.

HARRIS, C. J., not participating.