WANDA WOODS HOLT *v.* CARL G. HOLT

5-6076                                      486 S.W. 2d 688

Opinion delivered November 20, 1972

*S. Daniel George,* Sallisaw, Okla., and *Wiggins & Christian,* for appellant.

*Ball & Gallman,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant and appellee were divorced on the seventh day of April 1967. They had entered into a "Property Settlement Agreement," which

was incorporated into the divorce decree. It contained a provision for alimony until such time as the wife remarried. On November 9, 1971, appellant filed a petition for citation to appellee to show cause why he should not be adjudged in contempt of court because of his failure to make the alimony payments for the months of September and October 1971. Appellee admitted that he had not made these payments, but alleged that his obligation to pay had terminated by reason of the marriage of appellant to James C. Blakemore on or about September 1, 1971. Subsequently, appellee moved for summary judgment upon the ground that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law. This appeal was taken from a decree granting the motion for summary judgment, dismissing appellant's petition for a contempt citation and relieving appellee from any further payments of alimony.

The matter was presented to the court upon an agreed statement of facts, which are recited in the decree as follows:

(a) That the plaintiff and defendant were married on the 12th day of January, 1946, and were divorced by decree of this Court on the 7th day of April, 1967.

(b) That the plaintiff was remarried on the 12th day of August, 1971, to one James C. Blakemore in the state of Oklahoma.

(c) That paragraph 12 of the property settlement agreement entered into by the parties on the 6th day of April, 1967, provides as follows:

12. ALIMONY. Husband shall pay to Wife the sum of Three Hundred ($300.00) Dollars per month for alimony beginning the 7th day of April, 1967, and shall continue to pay such sum on the same day of each and every month until such time as Wife remarries.

(d) That plaintiff had her marriage with the said James C. Blakemore annulled on the 12th day of October, 1971, by decree of the District Court in and for Adair County, State of Oklahoma.

(e) That the copies of decree of divorce of the parties, the property settlement agreement, and the decree of annulment all filed herein are all true and correct copies of such instruments.

(f) That upon the remarriage of plaintiff, the defendant ceased making alimony payments pursuant to the terms of the property settlement agreement.

We have held that a divorced husband must make proper application to the court having jurisdiction to obtain relief from the payment of alimony provided in the decree of divorce from a former wife on account of her remarriage. *Beasley* v. *Beasley*, 247 Ark. 338, 445 S.W. 2d 500; *Wear* v. *Boydstone*, 230 Ark. 580, 324 S.W. 2d 337. No such application was made by appellee. Because of this, appellant contends that her right thereto was unaffected because the annulment of her Oklahoma marriage entitled her to no alimony on account of the annulled marriage. She states that the decree of annulment rendered the Oklahoma marriage without any binding force or effect and that it should be ignored in determining whether her right to alimony from appellee should be terminated.

In Oklahoma, both void and voidable marriages seem to be subject to annulment. Note, Void and Voidable Marriages, 14 Okla. L. Rev. 304 (1961). It seems, however, that the distinctions between void and voidable marriages observed by canonical and civil law have been abandoned there, and not every marriage void under those ancient principles is void ab initio under existing law. 14 Okla. L. Rev. 304, 305. Annulments of both void and voidable marriages may also be had in Arkansas, and the difference in the effects of such marriages is discussed in Huff, The Effect of Void and Voidable Marriages in Arkansas [10 Ark. L. Rev. 188 (1955)], where possible effects of such marriages on alimony from a

previous marriage are mentioned. See also, Robb, The Cause of Action for Annulment of Marriage in Arkansas, 14 Ark. L. Rev. 85 (1959).

The reason for our rule requiring that application be made for relief from alimony payments was clearly stated in *Wear* v. *Boydstone,* supra, by the following quotation from 27 C.J.S., 994, Divorce § 239c:

> Although there is contrary authority, in the absence of a mandatory statute to the contrary, a divorced wife's remarriage to another does not necessarily of itself operate as a release of the former husband's obligation to pay alimony. It does, however, afford a cogent reason for the court to modify or vacate the order, ***.

There is a clear implication we would not require the termination of alimony payments in every case when the wife remarried. Some of the factors which may be considered are suggested in *Beasley* v. *Beasley,* supra, where the alimony award was limited to five years by the terms of the divorce decree. We mentioned the modest salary and means of the divorced husband, his poor physical condition and high medical expense and the absence of evidence that the second husband was financially unable to support the wife. But in the case before us the decree provided for payment only until the wife remarried.

In some jurisdictions the right to alimony or its termination is governed by statute, when the divorce decree provides, as this one does, for termination upon remarriage. See A.L.R. 79, 90 (1924) 112 A. L. R. 246, 259 (1938). In others, the right to alimony is terminated upon remarriage, even though the subsequent marriage is later nullified. See Annot. 155 A. L.R. 609, 619 (1945); *Evans* v. *Evans,* 212 So. 2d 107 (Fla. 1968). In still others, a nullified remarriage does not terminate alimony, particularly if the marriage is void ab initio. See *Sutton* v. *Lieb,* 199 F. 2d 163, 33 A.L.R. 2d 1451 (7th Cir. 1952) involving Illinois law; *Sleicher* v. *Sleicher,* 251 N.Y. 366, 167 N.E. 501 (1929), decided prior to enactment of the statute permitting al-

lowance of alimony upon annulment of a marriage, now appearing as 14 McKinney's Consolidated Laws of New York Annotated, § 236 (1964), but see *Gaines* v. *Jacobsen,* 308 N.Y. 218, 124 N.E. 2d 290, 148 A.L.R. 2d 312 (1954); Annot. 48 A.L.R. 2d 270, 296 (1956); *Evans* v. *Evans,* supra. The status of the second marriage after annulment in the state where it was performed and in the state where the divorced spouse has cohabited with the new mate may be pertinent considerations. *Johnson County National Bank & Trust Co.* v. *Bach,* 189 Kan. 291, 369 P. 2d 231 (1962);[1] *Lehmann* v. *Lehmann,* 225 Ill. App. 513 (1922).

Whether we apply the law of Oklahoma or the law of Arkansas in determining the effect of the annulment, we cannot say whether the "remarriage" in this case was void ab initio or voidable, because the record is totally silent in this respect. There is nothing in the abbreviated record before us upon which we could determine that alimony should not be terminated in this case except the bare fact that the subsequent marriage was annulled. Appellant only designated all pleadings, decree and orders made and entered in the case as the record herein. Consequently, the decree of the Oklahoma court annulling the marriage which constituted a part of the record in the trial court is not before us. Although appellee might have designated other parts of the record, he chose not to do so, leaving the matter for determination here on the partial record designated by appellant. Where a record is abbreviated without objection, we cannot presume that any portions of the record not designated support the trial court's action. *Beevers* v. *Miller,* 242 Ark. 541, 414 S.W. 2d 603. At the same time, we cannot reverse the trial court unless the record demonstrates apparent error. *Thompson* v. *Universal CIT Credit Corp.,* 234 Ark. 1056, 356 S.W. 2d 735; *Kimery* v. *Shockley,* 226 Ark. 437, 290 S.W. 2d 442. In other words, unless we can say that the record before us indicates that the trial court erred, we must affirm its judgment or decree. Appellant always bears the burden of demonstrating

---

[1] In this opinion there is an excellent discussion of the effect of void and voidable "remarriages" upon alimony from a previous marriage.

that the trial court was in error. *Poindexter v. Cole,* 239 Ark. 471, 389 S.W. 2d 869. We cannot say from this abbreviated record that the appellant's marriage to Blakemore was void ab initio, and are unwilling to say that a marriage which is voidable only, at least on common law grounds, would not have afforded adequate grounds for the court's termination of the wife's right to alimony when the decree provided for termination upon remarriage. Thus we cannot say that the abbreviated record demonstrates apparent error. We could only speculate about the grounds for annulment, or whether the effect of the decree was to recognize that the marriage was void from the beginning or to declare it invalid as voidable.

For the reason stated, the decree is affirmed.