## Bedford G. WEBB *v.* Maxine Chrisco WEBB

77-77                                                      557 S.W. 2d 878

### Opinion delivered November 28, 1977
### (Division I)

*Tackett, Moore, Dowd & Harrelson,* by: *C. Wayne Dowd,* for appellant.

*Donald L. Corbin,* for appellee.

GEORGE ROSE SMITH, Justice. The only issues remaining in this divorce case relate to alimony. By a decree entered in October of 1976 the chancellor awarded the husband a divorce, for personal indignities. The decree directed him to pay $400 a month as alimony until February 1, 1977, and then to pay one third of his net income through December 31, 1977, "and nothing more." The decree then provided that "either party may, prior to December 31, 1977, petition the Court for an increase or decrease in alimony, or cessation or

extension of same upon a proper showing of good cause, and the court hereby retains jurisdiction of this cause of action for the consideration of any such motions." By appeal the husband questions the allowance of any alimony at all and the court's recited retention of jurisdiction for more than a year.

We cannot agree with the husband's insistence that no alimony should have been awarded. For several years before the trial Webb had been earning a substantial income as a practicing lawyer and as a deputy prosecuting attorney. His wife, 43, had much more property than he had, but it was not productive. Moreover, she had undergone two serious operations, was suffering from osteoporosis and other ailments, with a guarded medical prognosis, and was unable to work. We cannot fairly hold that no alimony should have been allowed.

On the other hand, the chancellor was mistaken in directing the husband to make the payments we have recited "and nothing more." An award of alimony in fixed installments for a specified period is prima facie erroneous, as being an award of a gross sum instead of a continuing allowance. *Beasley* v. *Beasley,* 247 Ark. 338, 445 S.W. 2d 500 (1969); *McIlroy* v. *McIlroy,* 191 Ark. 45, 83 S.W. 2d 550 (1935); *Walker* v. *Walker,* 147 Ark. 376, 227 S.W. 762 (1921); *Brown* v. *Brown,* 38 Ark. 324 (1881). Of course, we do not exclude the possibility that such a short-term award may be, as intimated in the *Beasley* case, a proper method of allocating to the wife an interest in her husband's property. That depends upon the particular facts in the case.

Furthermore, after a case has been fully tried, as here, the final decree of divorce should defnnitely fix the rights of the parties, subject only to the court's continuing power to modify alimony and support allowances in the light of changed circumstances. Here the decree, instead of finally determining the litigation, affirmatively declared the court's intention to leave the parties in a state of uncertainty for more than 15 months.

The *Walker* and *Brown* cases, supra, are essentially

similar to this one with respect to the allowance of alimony in a gross sum rather than as a continuing award. In both those cases we reversed the decree and remanded the cause for such an allowance of continuing alimony as should have been made in the first place. We adopt that procedure in this case, with one proviso: Inasmuch as no modification of the decree was possible during the pendency of this appeal, the chancellor may properly consider any change in the circumstances of either party that may have occurred since the date of the original decree, as amended.

Reversed and remanded.

We agree. HARRIS, C.J., and HOLT and ROY, JJ.