Thomas Stephen LINEHAN *v.* Janet LINEHAN
(now TUNSTILL)

CA 82-373                                                      649 S.W.2d 837

Court of Appeals of Arkansas
Opinion delivered May 4, 1983
[Rehearing denied June 1, 1983.]

178

*Cypert & Roy,* by: *Michael H. Mashburn,* for appellant.

*Bill E. Bracey, Jr.* of *Davis & Bracey, P.A.,* for appellee.

DONALD L. CORBIN, Judge. Appellee, Janet Linehan Tunstill, originated this action by filing a petition for citation of contempt. Her petition was founded upon an alleged independent contract between the parties, which provided among other things for appellant, Stephen Linehan, to pay appellee alimony of $5,000.00 at $100.00 per month for five years at no interest. Appellant alleged that the alimony provision was part of a stipulation that merged into the decree and was modifiable by the court. The chancellor ruled that the alimony provision was part of an independent contract and was not modifiable. The court ordered appellant to pay the accrued alimony payments in a lump sum, with the balance to be paid according to the agreement of the parties. We affirm.

The record reflects that on the day set for the original divorce hearing, the parties, through their respective counsel, negotiated a "stipulated agreement." Appellant's counsel dictated it into the record in open court. It stated in part, "this stipulation and decree should be incorporated by reference into the decree of divorce entered in this matter." The stipulation apparently covered every facet of the controversy from a division of property down to visitation with the children. Appellee was granted a non-contested divorce. The decree of divorce incorporated the terms of the stipulated agreement with no variances.

Appellant made one monthly payment of $100.00 and thereafter ceased making payments on advice of counsel. At the time of the hearing on the contempt citation, appellant was $900.00 in arrears. His answer to appellee's petition for citation of contempt raised her remarriage as a bar to his obligation to continue the alimony payments.

In *Seaton* v. *Seaton*, 221 Ark. 778, 255 S.W.2d 954 (1953), the Arkansas Supreme Court distinguished between the two major types of agreements for the payment of alimony, stating:

> Our decisions have recognized two different types of agreement for the payment of alimony. One is an independent contract, usually in writing, by which the

husband, in contemplation of the divorce, binds himself to pay a fixed amount or fixed installments for his wife's support. Even though such a contract is approved by the chancellor and incorporated in the decree, as in the *Bachus* case, it does not merge into the court's award of alimony, and consequently, as we pointed out in that opinion, the wife has a remedy at law on the contract in the event the chancellor has reason not to enforce his decretal awards by contempt proceedings.

The second type of agreement is that by which the parties, without making a contract that is meant to confer upon the wife an independent cause of action, merely agree upon "the amount the court by its decree should fix as alimony" . . . . A contract of the latter character is usually less formal than an independent property settlement; it may be intended merely as a means of dispensing with the proof upon an issue not in dispute, and by its nature it merges in the divorce decree.

Appellant argues without merit that the stipulated agreement cannot qualify as an independent contract since it was not in writing and was not signed by the parties. Oral stipulations made in open court which are taken down by the reporter and acted upon by the parties and court are valid and binding. Such stipulations are in the nature of a contract. *Wyandotte Chemical Corp.* v. *Royal Electric Mfg. Co.,* 66 Wis.2d 577, 225 N.W.2d 648 (1975). It is not necessary that an agreed statement of facts, admitted by the parties to be true in open court, should be signed by the parties or their attorneys. *Prestwood* v. *Watson,* 11 Ala. 604, 20 So. 600 (1896). Contractual stipulations affect the subject matter of the lawsuit. They deal with the rights or property at issue and are styled stipulations only because they occur in connection with the litigation. *Lawrence* v. *Lawrence,* 217 N.W.2d 792 (N.D. 1974).

Courts have recognized two classes of stipulations. Generally, stipulations are procedural or contractual in nature. Procedural stipulations are aimed at facilitating the

course of a lawsuit by simplifying proof or shortening procedural requirements, whereas contractual stipulations deal with the subject matter of the lawsuit such as the rights or property at issue. *Lawrence* v. *Lawrence, supra.* A contractual stipulation can only be withdrawn on grounds for nullifying a contract, i.e., fraud, misrepresentation.

We think it is noteworthy that the $5,000.00 alimony provided for in the agreement was a gross sum and was not to bear interest. In all likelihood, the chancellor would have quickly disallowed this award had he not considered it to be a part of the independent contract. The award of alimony in gross would have been in contravention of a long line of cases prohibiting such awards. *Stout* v. *Stout,* 4 Ark. App. 266, 630 S.W.2d 53 (1982), *Beasley* v. *Beasley,* 247 Ark. 338, 445 S.W.2d 500 (1969).

In the instant case, the award of the $5,000.00 alimony in gross, payable in monthly installments of $100.00 over a five-year period was not the court's determination of what appellee was entitled to or needed for her support, but was based upon a negotiated bargain. Also, the stipulation covered every issue of property, custody and visitation. It was a complete agreement which each party through their respective attorneys negotiated and bargained to a full settlement of all of their difficulties. We are not saying that a stipulation in every instance will have the full force and effect of a binding agreement or a contractual right; but when, as here, all the rights and liabilities of the parties are covered in such a total and complete agreement, then it will not be modifiable.

We affirm.

GLAZE and COOPER, JJ., dissent.

TOM GLAZE, Judge, dissenting. The majority has mixed its metaphors in this divorce decision, thereby further be- fuddling an important but already confusing area of our law. Simply stated, the court erroneously labeled the parties' "stipulated agreement" an "independent property settle-

ment contract." A stipulation has been distinguished from a contract as follows:

> [I]t is generally held that stipulations are obligations unlike ordinary contracts between the parties not in court, and are not governed by the rules of law ordinarily applicable to contracts. *They are not only obligtions between the parties, but between the parties and the court,* and will be enforced both for the benefit of the interested party and for the protection of the honor and dignity of the court.

17 C.J.S. *Contracts* § 10 (1963) (emphasis supplied).

I agree with the majority's conclusion that oral stipulations in open court are both valid and binding — but that is not the issue to be decided. The issue posed is whether the chancery court based its decree on an independent contract between the parties. If so, the court correctly held that it was unable to modify the alimony award to the appellee. *Lively* v. *Lively*, 222 Ark. 501, 261 S.W.2d 409 (1953). If, on the other hand, the parties agreed to settle without intending to confer on the appellee an independent cause of action, the parties' agreement merged in the decree subject to the court's modification. *Holmes* v. *Holmes,* 186 Ark. 251, 53 S.W.2d 226 (1932). Here, the parties' agreement was stipulated — not contracted — and the court's decree was based solely on those stipulations announced in and approved by the chancery court. The parties made no effort by word or deed to make their settlement agreement one which might be independently enforceable in any other court, *e.g.*, circuit. Instead, only the chancery court rendering the parties' decree is in a position to enforce (alter or modify) the terms to which the parties stipulated when settling their differences.

Assuming *arguendo* that oral stipulations could be construed to confer on the parties an independent, contractual cause of action, I am unable to find any evidence that was done here. Nowhere did the parties state that their stipulations were intended to be contractual. Nor were their stipulations written even though the Supreme Court stated in *Seaton* v. *Seaton,* 221 Ark. 778, 255 S.W.2d 954 (1953), that

an unmodifiable, independent contract is usually in writing. In fact, my research reveals no Arkansas divorce cases in which it has been contended that an oral property settlement agreement could confer on the parties an independent cause of action. In my opinion, Arkansas statutory law is to the contrary and requires that such a contractual agreement be in writing to be enforceable. *See* Ark. Stat. Ann. § 34-1212 (Supp. 1981).

I believe this case is merely another garden variety divorce action in which the parties appeared in court and settled their differences (with the court's assistance) at the last hour. As parties are oft to do, they even "stipulated" that the appellee was entitled to and had grounds for a divorce — obviously a matter to which neither they nor the court could stipulate. No doubt, the parties intended to resolve *all* of their differences existing at the time the divorce was granted. Even given those intentions, the parties' stipulations by no stretch of the imagination conferred on either of them an independent contractual right or one cognizable at law.

If the majority's decision stands, I believe it is evident that new legal disputes will surely result, not the least of which will involve the Statute of Frauds. However, I will not unnecessarily lengthen this opinion in an effort to portend those questions which will undoubtedly arise. Nonetheless, the prospect of such future disputes also figures into my dissent.