164

Maxine Chrisco WEBB *v.* Bedford G. WEBB

84-269                                   685 S.W.2d 514

Supreme Court of Arkansas
Opinion delivered March 11, 1985

*Frierson, Walker, Snellgrove & Laser,* for appellant.

*Carolyn Lee Whitefield,* for appellee.

JACK HOLT, JR., Chief Justice. This is a divorce case which has previously been appealed to this court. *Webb* v. *Webb,* 262 Ark. 461, 557 S.W.2d 878 (1977). On remand, in 1979, the trial court issued a supplementary decree. Almost five years later the appellee filed a "Motion to Expunge" certain portions of that decree which was granted by the trial court. It is from that order of expungement that this appeal is brought. Our jurisdiction is pursuant to Sup. Ct. R. 29 (1) (j) as this is a second appeal.

The parties were divorced on September 26, 1976. The decree awarded property which had not previously been divided by the parties and $400 per month alimony for the appellant until February 1, 1977; provided for the payment of bills and insurance premiums; and ordered the appellee to pay the appellant one-third of his net income beginning February 1, 1977 through December 21, 1977 as alimony. An

amended decree also awarded attorney's fees and deposition costs. Jurisdiction was retained by the trial court for the February 1 through December 21 period to consider any petitions for modification and/or extension.

On October 21, 1976, the appellee filed a notice of appeal from that part of the decree relating to permanent alimony, support and maintenance. This court reversed the decree on November 28, 1977. *Webb, supra.*

The trial court, on August 8, 1979, issued a supplementary decree based on the pleadings, previous orders, this court's opinion, and stipulations of counsel. The supplementary decree found that due to the change in circumstances, no alimony should be awarded and instead the appellant was to receive a total of $4,025.00 for her interest in the appellee's property, unpaid expenses under the original decree and attorney's fees.

On June 21, 1984, the appellee filed a "Motion to Expunge" in which he argued that the portions of the supplementary decree of 1979 not relating to alimony were barred by the trial court's prior decision since the case was remanded by the Supreme Court on the alimony issue only.

In granting the motion, the trial court agreed that it was bound by the supreme court "to make appropriate orders on the issue of alimony only" and was without jurisdiction on the other matters. The trial court was without jurisdiction to entertain this motion.

Appellee's relief, if any, from the trial court's order of August 8, 1979, should have been sought through appeal or the procedure for modification of judgment. An appeal must be filed within 30 days from the entry of a decree or judgment. Ark. R. App. P. 4(a). The procedure for modifying a judgment is governed by Ark. R. Civ. P. 60(b) which provides that the judgment may be modified within 90 days after it's entered. Appellee should have acted within the time allowed, rather than five years later. Accordingly, the trial court is reversed and the order of expungement of the August 8, 1979 order is dismissed.