Judith N. MEADORS *v.* Thomas R. MEADORS

CA 96-1138                                          946 S.W.2d 724

Court of Appeals of Arkansas
Division III
Opinion delivered June 18, 1997

*Davis & Cox*, by: *Hal W. Davis*, for appellant.

*Michael J. Medlock*, for appellee.

JUDITH ROGERS, Judge. This is an appeal from the dismissal of appellant's motion for contempt based on a finding that her claim was barred by the statute of limitations. For reversal, appellant contends that the trial court erred in applying the five-year statute of limitations applicable to written contracts to a provision in a property settlement agreement that was incorporated into a decree of divorce. Failing that, she contends that the five-year statute of limitations had not expired. We affirm.

The marriage of appellant, Judith Meadors, and appellee, Thomas Meadors, ended in divorce by a decree entered on August 4, 1989. The decree incorporated a property settlement agreement, dated August 2, 1989, which contained a provision stating that "[appellee] shall pay to the [appellant] the sum of $10,000 cash." On December 6, 1995, appellant filed a motion for contempt alleging that appellee had failed to pay her this sum of money. Appellee countered with a motion to dismiss, arguing that the provision in the agreement was subject to the five-year statute of limitations applicable to written contracts under Ark. Code Ann. § 16-56-111 (Supp. 1995). The chancellor held that the agreement was an independent contract that was governed by the five-year limitations period. By order dated June 24, 1996, the chancellor dismissed appellant's motion, thus giving rise to this appeal.

In our law, two types of property settlement agreements are recognized. *Seaton v. Seaton*, 221 Ark. 778, 225 S.W.2d 954 (1953); *McGaugh v. McGaugh*, 19 Ark. App. 348, 721 S.W.2d 677 (1986). A distinction is made between independent contracts, which do not merge into the decree and are thus not subject to modification by a trial court, and those less formal agreements which do merge and become part of a decree of divorce. *See Shipley v. Shipley*, 305 Ark. 257, 807 S.W.2d 915 (1991); *Seaton v. Seaton, supra*; *Kennedy v. Kennedy*, 53 Ark. App. 22, 918 S.W.2d 197 (1996); *Dodson v. Dodson*, 37 Ark. App. 86, 825 S.W.2d 608 (1992); *Linehan v. Linehan*, 8 Ark. App. 177, 649 S.W.2d 837 (1983). In this appeal, appellant does not strenuously contest the chancellor's finding that the agreement in question was an independent contract. Indeed, the agreement contains language strikingly similar to that used in the agreement at issue in *Armstrong v. Armstrong*, 248 Ark. 835, 454 S.W.2d 660 (1970), where it was held that the agreement constituted a separate, independent contract that did not merge into the decree.

It is appellant's argument, however, that the agreement was nonetheless incorporated into the decree of divorce and was subject to enforcement by the court, and thus should be considered a judgment. Appellant maintains that, as a judgment, the provision was subject to the ten-year statute of limitations found in

Ark. Code Ann. § 16-56-114 (1987). We reject appellant's argument.

Arkansas Code Annotated § 16-56-114 provides that:

> Actions on all judgments and decrees shall be commenced within ten (10) years after the cause of action shall accrue and not afterward.

In *Thomas v. McElroy*, 243 Ark. 465, 420 S.W.2d 530 (1967), the court discussed the formal requirements of a judgment. The court said that a judgment should state the amount that the defendant is required to pay and the date from which interest is to be computed. Although the court held that a judgment is to be tested by its substance and not form, it stated that a judgment must clearly specify the relief granted and must clearly show that it is the act of the law, pronounced and declared by the court upon determination and inquiry. It must be such a final determination as may be enforced by execution or other appropriate manner.

When we apply these principles to the case at bar, we do not believe that the court, by its decree, rendered judgment for the amount specified in the property settlement agreement. While the provision imposed an obligation upon appellee to pay a sum certain, there is no indication that the court rendered judgment for that amount. That relief was not clearly stated in the decree, as it contains no language denoting the rendition of judgment. As such, we do not think that the provision was capable of enforcement by execution without it being reduced to judgment. It must be remembered that the agreement was an independent contract, and while it was incorporated into the decree, it did not, under settled law, merge into the decree. We hold that the provision was subject to the five-year statute of limitations.[1]

Appellant further argues that, because the agreement did not specify when the payment was due, the statute of limitations did not begin to run until she became aware that appellee

---

[1] In *Davenport v. Pack*, 35 Ark. App. 40, 812 S.W.2d 487 (1991), we applied the five-year statute of limitations to a property settlement agreement. We did not, however, address the issue raised in this appeal, as the parties in that case did not question the applicability of that limitations period.

had repudiated the agreement. She contends that appellee repudiated the agreement in September of 1995 and that it was at that time that her cause of action accrued. We do not reach this issue because the chancellor was not apprised of it, and we do not consider issues raised for the first time on appeal. *Burns v. Burns*, 312 Ark. 61, 847 S.W.2d 23 (1993).

Affirmed.

ROBBINS, C.J., and JENNINGS, J., agree.