
# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV-16-265

|  |  |
|---|---|
|  | **Opinion Delivered** JANUARY 18, 2017 |
| CYNTHIA INGRAM JORDAN | APPEAL FROM THE OUACHITA COUNTY CIRCUIT COURT |
| APPELLANT | [NO. 52DR-04-457] |
| V. | HONORABLE EDWIN KEATON, JUDGE |
| TIMOTHY ANDERSON JORDAN | AFFIRMED |
| APPELLEE | |

## DAVID M. GLOVER, Judge

Cynthia and Timothy Jordan were divorced by "Agreed Divorce Decree" entered on June 17, 2005. In April 2015, Cynthia filed a petition for modification of the divorce decree, asking that Timothy's payment of alimony to her be extended beyond the age designated in their decree (62 1/2) and made permanent. On May 26, 2015, Timothy filed a motion to dismiss the petition, contending that the court was without jurisdiction to modify the alimony provision because it was agreed on by the parties as part of an independent contract that was announced in open court and incorporated into the divorce decree. Following a hearing on the motion, the trial court granted the motion to dismiss by order entered on January 11, 2016. On January 29, 2016, Cynthia filed her notice of appeal. We affirm.

As her sole point of appeal, Cynthia contends the trial court erroneously interpreted the divorce decree in this case when it ruled the award of alimony could not be modified.

She subdivides this point into two subpoints: 1) "the circuit court had no proper basis for utilizing a docket entry to supplement or vary the findings and orders contained in a properly entered decree of divorce"; and 2) "the mere fact that the parties announced to the court they had reached an agreement on what the court should include in the decree is not tantamount to a separate, enforceable 'property-settlement agreement' under Arkansas law." We find no error.

The "Agreed Decree of Divorce" provides in part,

Property Settlement Agreement:
. . . .
    8. Further *based upon the agreement announced in open court*, the plaintiff is ordered to pay permanent alimony to the defendant in the amount of $1,500.00 weekly commencing Friday, May 6, 2005. The first payment shall be reduced by defendant's weekly paycheck. The alimony shall be paid each and every week and shall terminate upon the happening of the first of any of the following events: (1) the death of either party, (2) the defendant, Cynthia Ingram Jordan, reaching the age of 62 and ½ years, or (3) the remarriage of the said defendant or the act of the said defendant cohabiting in the marital residence with a member of the opposite sex. The parties agree that said alimony is deductible on behalf of the plaintiff/payer and taxable to the defendant/recipient, and that both parties will report the said alimony payments as such in filing their individual income tax returns beginning with the tax year 2005 and *continuing until the alimony is terminated under the terms mentioned hereinabove or by subsequent Order of this Court*. In the event plaintiff misses any alimony payments or is delinquent in excess of thirty (30) days, then defendant may require that all future payments be made through the Circuit Clerk.

(Emphasis added.) The trial court's docket entry provides in part,

5/3/2005    FINAL HEARING – P/f appears w/ atty, Tim Womack. Def appears w/ atty, T. Wineland. Parties reach agreement on certain issues and read same into record. No minor child at time of divorce. Testimony taken of parties and p/f's witness, Mary E. Frey. P/f is granted an absolute divorce on general indignities. Parties agreement re property and debt is approved and is adopted as the order of the Court. Each party acknowledges on the record their acceptance to the agreement as announced today. Mr. Womack will prepare precedent.

2

SLIP OPINION

At the hearing on Cynthia's motion to modify, she took the position that the alimony provision in the "Agreed Divorce Decree" was subject to modification because it was not part of an independent contract signed by the parties but rather a mere stipulation agreed upon by the parties and merged into the decree. Timothy, on the other hand, contended that the parties' property-settlement agreement was a separate and independent contract between them that was incorporated into the decree but retained its independent, contractual nature and was not subject to modification. In its order granting Timothy's motion to dismiss, the trial court noted that the decree contained a section labeled "Property Settlement Agreement," and that the terms of the agreement were set forth in paragraphs four through thirteen of the decree. The alimony provisions of paragraph eight were thus only a portion of the overall agreement. The trial court further explained in its order granting the dismissal,

> The Property Settlement Agreement completely addresses all of the rights and liabilities of the parties. The settlement agreement was announced in Court and each party indicated that they understood and accepted the agreement as announced. The attorneys' statements of the parties' agreement on alimony, in announcing the same to the Court, was not a means of dispensing with proof on the alimony issue, but instead was a complete statement of the terms and conditions of the parties' complete Property Settlement Agreement.

In *Linehan v. Linehan*, 8 Ark. App. 177, 179-80, 649 S.W.2d 837, 838-39(1983), our court quoted the supreme court in explaining that there are two major types of alimony agreements and describing the differences between them:

> In *Seaton v. Seaton*, 221 Ark. 778, 255 S.W.2d 954 (1953), the Arkansas Supreme Court distinguished between the two major types of agreements for the payment of alimony, stating:
>> Our decisions have recognized two different types of agreement for the payment of alimony. One is an independent contract, usually in writing, by which the husband, in contemplation of the divorce, binds himself to pay

a fixed amount or fixed installments for his wife's support. Even though such a contract is approved by the chancellor and incorporated in the decree, as in the *Bachus* [*v. Bachus*, 216 Ark. 802, 227 S.W.2d 439] case, it does not merge into the court's award of alimony, and consequently, as we pointed out in that opinion, the wife has a remedy at law on the contract in the event the chancellor has reason not to enforce his decretal award by contempt proceedings.

The second type of agreement is that by which the parties, without making a contract that is meant to confer upon the wife an independent cause of action, merely agree upon "the amount the court by its decree should fix as alimony". . . A contract of the latter character is usually less formal than an independent property settlement; it may be intended merely as a means of dispensing with the proof upon an issue not in dispute, and by its nature it merges in the divorce decree.

In analyzing the facts before it in *Linehan*, our court rejected the husband's argument that the stipulated agreement could not qualify as an independent contract because it was not in writing and was not signed by the parties. Our court reasoned,

Oral stipulations made in open court which are taken down by the reporter and acted upon by the parties and court are valid and binding. Such stipulations are in the nature of a contract. It is not necessary that an agreed statement of facts, admitted by the parties to be true in open court, should be signed by the parties or their attorneys. Contractual stipulations affect the subject matter of the lawsuit. They deal with the rights or property at issue and are styled stipulations only because they occur in connection with the litigation.

*Id.* at 180, 649 S.W.2d at 839 (citations omitted).

We have reviewed the cases cited by both parties, and agree with Timothy that the facts here are very similar to those in *Linehan*. There is no separate written agreement signed by the parties, as was true in *Linehan*, but the "Agreed Divorce Decree," "approved as to form and substance" by counsel for both parties, states in its first paragraph that

the parties announced to the Court, through their respective attorneys, that a settlement of all issues to be presented in this case had been reached, and based upon the same, and otherwise being well and sufficiently advised in the premises, and further based upon both parties announcing to the Court, individually, that he/she

4

SLIP OPINION

understood all of the terms of the settlement agreement, THIS COURT DOTH FIND AND ORDER[.]

The decree designates with a separate heading the parties' "Property Settlement Agreement," with paragraphs four through thirteen contained in that section. Paragraph eight, as quoted previously, addresses alimony. The language throughout emphasizes the parties' agreement.

While the trial court's order granting dismissal does reference and quote from the docket sheet, we find no significant conflict between the docket entry and what is expressed in the decree itself, which was approved by both sides as to form and substance. With respect to Cynthia's contention that "the mere fact the parties announced to the court they had reached an agreement on what the court should include in the decree is not tantamount to a separate, enforceable 'property settlement agreement' under Arkansas law," we note the parties' handling of their agreement in the instant case goes much further than Cynthia describes. Here, the parties' settlement of property issues is more clearly a negotiated settlement of issues—set forth in a designated "property-settlement agreement" that the parties intended to be binding—than a mere agreement to stipulate to some issues to avoid putting on proof.

Affirmed.

WHITEAKER and BROWN, JJ., agree.

*Ronald L. Griggs*, for appellant.

*Tripcony, May & Associates*, by: *James L. Tripcony*, for appellee.