Cite as 2017 Ark. App. 306



# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-16-514

| | |
|---|---|
| ANGELA MOODY<br><br>APPELLANT<br><br>V.<br><br>EDWARD MOODY<br><br>APPELLEE | **Opinion Delivered:** May 10, 2017<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTEENTH DIVISION [NO. 60DR-11-1586]<br><br>HONORABLE VANN SMITH, JUDGE<br><br>SUPPLEMENTATION OF THE RECORD AND SUPPLEMENTATION OF THE ADDENDUM ORDERED |

### WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's February 25, 2016 order. On appeal she argues that (1) appellee should be responsible for the real-estate taxes on the marital home he received in the property-settlement agreement, (2) the circuit court's flatware ruling was reversible error, (3) the circuit court erred in splitting the pair of lion statues, (4) appellant is entitled to the full value of the Kubota tractor, (5) the circuit court erred in ruling on appellant's contempt motion relating to appellee's parental neglect without taking testimony, and (6) the circuit court erred by denying appellant's motion for contempt for appellee's harassing and annoying phone calls. We are unable to address the merits of appellant's arguments and order supplementation of the record and supplementation of the addendum.

The parties were divorced pursuant to a divorce decree entered on January 8, 2015. The decree stated that the parties reached a "settlement compromise of all property rights

and debt liabilities existing between them, which agreement the Court [found] to be fair, reasonable and equitable." It also stated "[t]hat the above-referenced Property Division and Settlement of and between the parties is hereby approved by the Court and is incorporated but not merged into the Decree."

The parties each filed numerous contempt motions, which were disposed of by the circuit court's February 25, 2016 order, which stated that "[t]he parties were divorced on January 8, 2015, wherein they entered into a Property Settlement Agreement purporting to divide all assets and issues of custody and visitation." Though referenced in the decree and in the order appealed from, the property-settlement agreement does not appear in the addendum or record.

Arkansas Rule of Appellate Procedure–Civil 6(e) states that if anything material to either party is omitted from the record by error or accident, the appellate court, on its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary, that a supplemental record be certified and transmitted. Arkansas Supreme Court Rule 4-2(a)(8) states that the addendum "shall contain true and legible copies of the non-transcript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal." Arkansas Supreme Court Rule 4-2(a)(8) further states that the addendum "must include . . . any document essential to an understanding of the case and the issues on appeal, such as a will, contract, lease, note, insurance policy, trust, or other writing."

Both the divorce decree and the February 25, 2016 order reference the property-settlement agreement, with the divorce decree rulings being in part or totally based on that

property-settlement agreement. Because the circuit court property-settlement agreement was not merged the into the divorce decree, it is imperative that we know which specific provisions in the divorce decree were entered pursuant to the property-settlement agreement.[1]

Accordingly, we remand for supplementation of the record to correct the above-referenced deficiencies within thirty days. Additionally, we order appellant to submit a supplemental addendum correcting the above-referenced deficiencies within fifteen days from the date on which the supplemental record is filed. We encourage appellant's counsel to review Rule 4-2 of the Rules of the Arkansas Supreme Court and Court of Appeals to ensure that the supplemental record and supplemental addendum comply with the rules and that no additional deficiencies are present.

Supplementation of the record and supplementation of the addendum ordered.

KLAPPENBACH and WHITEAKER, JJ., agree.

*Short Law Firm*, by: *Lee D. Short*, for appellant.

*Judson C. Kidd*, for appellee.

---

[1] *See Tiner v. Tiner*, 2011 Ark. App. 478, 385 S.W.3d 326; *Meadors v. Meadors*, 58 Ark. App. 96, 946 S.W.2d 724 (1997).