Cite as 2021 Ark. App. 411

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV–20–580

| | |
|---|---|
| JACK WAYNE MATTHEWS<br>APPELLANT<br><br>V.<br><br>SHIRLEE DIANE MATTHEWS<br>APPELLEE | **Opinion Delivered** October 27, 2021<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FDR-99-1028]<br><br>HONORABLE SHANNON L. BLATT, JUDGE<br><br>AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Appellant Wayne Matthews appeals the August 11, 2020 order of the Sebastian County Circuit Court ordering him (1) to return his two life insurance policies to their original amounts at the time of divorce—$250,000 and $75,000; (2) to rename his children as his beneficiaries to his life insurance policies and to rename his ex-wife, appellee Shirlee Burris, as a survivor beneficiary to his civil service retirement plan, and (3) to assist in providing Shirlee one-half of his military retirement benefits that she was awarded in their divorce decree and returning to her the past-due amounts totaling $92,977.50.  We affirm.

Wayne and Shirlee divorced in 1999 after a twenty-six-year marriage. The relevant orders of the divorce decree are as follows:

> 9.      The Court finds that the Defendant shall maintain all life insurance policies and survivor benefits now in effect on his life and shall name the parties children, Aaron and Kyle, as the sole beneficiaries thereon, and shall provide written proof of the same to the Plaintiff.

10.    . . . The Court finds that the Plaintiff and Defendant have agreed that the Plaintiff is entitled to the maximum amount allowable of the Defendant's CSRS (Civil Service) Retirement Plan, including, but not limited to, survivor's benefits, earned as a result of his employment with the United States Postal Service and the Court will enter a Qualified Domestic Relations Order effectuating the division thereof.

11.    The Court finds that the Plaintiff and Defendant shall divide the Defendant's retirement with the United States Army Reserve. The Plaintiff shall name the children, Aaron and Kyle, as the sole beneficiaries of the retirement benefits accumulated and divided by this Order.    The Court shall enter a Qualified Domestic Relations Order dividing all retirement accounts set forth hereinabove.

In 2019, twenty years after the divorce decree was entered, Shirlee filed a motion for contempt. She alleged that Wayne had failed to comply with the circuit court's orders, specifically, failing to name her as the recipient of survivor benefits of his civil service retirement plan, failing to continue providing life insurance and survivor benefits and name the children as beneficiaries, failing to provide written proof of this beneficiary designation, and failing to give her one-half of his military retirement. Wayne denied all allegations and affirmatively pleaded the defense of laches and statute of limitations.

The circuit court held a hearing on Shirlee's contempt motion on July 15, 2020. By order entered August 11, the circuit court ruled that it was not finding Wayne in contempt at that time; however, he was ordered to comply with the parties' divorce decree. The circuit court ordered Wayne to rename Shirlee as a survivor beneficiary of his civil service retirement plan, rename his two children as the beneficiaries to his life insurance policies in effect at the time of the divorce in the amounts of $250,000 and $75,000, and to provide written proof within thirty days or be found in contempt. Wayne was further ordered to assist in providing to Shirlee one-half of the retirement accounts she was awarded in the divorce decree. If the money is unavailable because it has already been paid out, Wayne  must reimburse her one-half

2

of the past-due amount totaling $92,977.50, to be paid within sixty days from the date of the order.

On appeal, Wayne argues that the circuit court erred by failing to apply the applicable statute of limitations and by failing to properly consider his affirmative defense of laches. We disagree and affirm.

We review divorce cases de novo on the record and do not reverse a circuit court's findings unless they are clearly erroneous. *Williams v. Arnold*, 2015 Ark. App. 715, 479 S.W.3d 56. Findings of fact made by the circuit court in a divorce case will be reviewed by this court in the light most favorable to the appellee, and we will defer to the superior position of the circuit court to judge the credibility of the witnesses. *Id.* However, a circuit court's conclusion on a question of law is given no deference on appeal. *Id.*

I. *Statute of Limitations*

A. Five-Year Statute of Limitations

Wayne argues that the circuit court erred by failing to apply the five-year statute of limitations for contracts found in Ark. Code Ann. § 16-56-111 (Repl. 2005). Wayne failed to raise and obtain a ruling below on the five-year statute-of-limitations issue and, as such, has not preserved this issue for review. It is an appellant's responsibility to obtain a ruling to preserve an issue for appeal. *TEMCO Constr., LLC v. Gann*, 2013 Ark. 202, 427 S.W.3d 651.

B. Ten-Year Statute of Limitations

Wayne, in the alternative, asserts that the circuit court erred in not applying the ten-year statute of limitation found in Ark. Code Ann. § 16-56-114 (Repl. 2005), which applies to all judgments and decrees. We find that the ten-year statute-of-limitations issue was addressed by the circuit court during the contempt hearing and is preserved for our review. However, we

reject Wayne's argument that the circuit court should have applied it to this case and affirm the circuit court's order.

Wayne contends that the statute of limitations on the life insurance and survivor benefits began to run when he changed the beneficiaries. In 2006, Wayne elected to reduce his court-ordered insurance by 75 percent, removed his two children as beneficiaries, added his new wife to his life insurance policy, and changed the survivor beneficiary on his military retirement to his current wife. He rather incredulously claims that Shirlee knew or should have known that he began receiving his retirement in 2008 in light of their respective ages. He argues that because Shirlee waited until 2019 to file her contempt action—ten years after the cause of action had accrued—she is barred by the statute of limitations. Wayne believes that he has no further obligation to keep his ex-wife or children indefinitely designated as beneficiaries of his life insurance or any other benefits. He offers no evidence that Shirlee should have known that he changed the beneficiaries and survivor statuses or that he was receiving retirement benefits. He testified that he had spoken to Shirlee on only one occasion during the twenty years since their divorce.

Time did not begin to accrue when Wayne changed his life insurance beneficiaries. Appellant cites *Meadors v. Meadors*, 58 Ark. App. 96, 946 S.W.2d 724 (1997), and *Fitton v. Fitton*, CV-00-1328 (Ark. App. Sept. 12, 2001) (unpublished),[1] as support for this proposition that the time began to run when he changed beneficiary designations in 2006. However, both of these cases involved separate property-settlement agreements—one that had been incorporated into the divorce decree (*Meadors*) and one had been adopted by the court and

---

[1]*Fitton* is unpublished, as it was issued before July 2009 and is of no precedential value under Ark. Sup. Ct. R. 5-2(c).

4

made a part of the decree by reference (*Fitton*). This case is distinguishable because it does not involve a property-settlement agreement. The requirements in the 1999 divorce decree did not expire; thus, the circuit court did not err in failing to apply the ten-year statute of limitations to Shirlee's claims. We affirm on this point.

## II. *Laches*

For his final point on appeal, Wayne argues the circuit court erred by failing to properly consider his affirmative defense of laches. Wayne raised laches as an affirmative defense in his response to Shirlee's contempt motion and in his motion to dismiss. However, Wayne failed to obtain a ruling from the circuit court on laches as an affirmative defense, and the circuit court never addressed the issue of laches. Our courts will not presume a ruling from the circuit court's silence, nor will we review a matter on which the circuit court has not ruled. *Ark. Lottery Comm'n v. Alpha Mktg.*, 2012 Ark. Ark. 23, 388 S.W.3d 400. Therefore, we hold that Wayne's assertion of the laches defense is not preserved for appeal and affirm the circuit court's order.

Affirmed.

VAUGHT and MURPHY, JJ., agree.

*Walters, Gaston, Allison & Parker*, by: *Alex A. Gustafson*, for appellant.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellee.